AYERS, Respondent, v. ST. LOUIS, MEMPHIS &
SOUTHEASTERN RAILROAD COMPANY and
ST. LOUIS & SAN FRANCISCO RAILROAD
COMPANY, Appellants.

### St. Louis Court of Appeals, April 16, 1907.

1. **RAILROADS: Fences: Instruction Defining "Lawful Fence."** In
an action against a railroad company for damage caused by
failure to comply with section 1105, Revised Statutes of 1899,
an instruction authorizing a verdict for plaintiff if the damage
was caused by the failure of the defendant to maintain "law-
ful fences," etc., without defining what it takes to constitute
a lawful fence under the statute, was error.

2. ———: ———: ———: **Harmless Error.** But the error was
harmless where the uncontradicted evidence showed that hogs
passed through the fence at will and there was no attempt to
show the fence was lawful.

3. ———: ———: **Pleading.** A petition in an action for damages
against a railroad company based upon the violation of section
1105, Revised Statutes 1899, which substantially follows the
language of the statute, is sufficient after verdict.

Appeal from New Madrid Circuit Court.—*Hon. Henry
C. Riley,* Judge.

AFFIRMED.

*L. F. Parker* and *Moses Whybark* for appellants.

(1)   The instructions given on behalf of the plain-
tiff numbered 1 and 2, are erroneous, because they fail
to define what constitutes a lawful fence.   The suit is
founded on the double damage statute, and was brought
in the circuit court, and not before a justice of the peace.
R. S. 1899, sec. 1105; Barnet v. Railroad, 68 Mo. 56.   The
statute defines what a lawful fence shall be.   R. S. 1899,
sec. 3295.   (2)   The petition failed to state facts suffi-
cient to constitute a cause of action.   It simply alleged
that the defendant failed to erect lawful fences and main-
tain sufficient cattle-guards, which is a legal conclusion,

and under a penal statute, where the action is given by that statute, it is submitted that this is insufficient. State v. Chumley, 67 Mo. 43; United States v. Cruickshank, 92 U. S. 542, 23 Law. Ed. 593; Potter v. United States, 155 U. S. 438, 39 Law. Ed., 216.

*J. V. Conran* for respondent.

STATEMENT.—The action is based on section 1105, Revised Statutes 1899, commonly called the "Railroad Double Damage Act." Omitting caption and signatures, the petition is as follows:

"Plaintiff for cause of action states that on the first day of January, 1904, the defendant was, and still is a corporation running trains and operating a railroad through LaFont township, in the county of New Madrid, State of Missouri; that from January 1, 1904, up until the institution of this action the plaintiff was in the actual possession of the following lots, tract, and parcel of land, to-wit: Northeast quarter of section 8, township 21, range 13; that upon said lands he cultivated crops of cotton and corn; that the right of way, upon which is the track and grounds of defendant railroad company, runs along and through the said premises and at points in said township of LaFont, New Madrid county, State of Missouri, where the defendant was and is by law required to erect and maintain good and lawful fences along the sides of its said railroad, and to construct sufficient cattle-guards, and not at a public crossing, nor within the switch limits of any station, nor within the limits of any incorporated city, town or village.

"Plaintiff by reason of the failure and neglect of the defendant to erect and maintain the good and lawful fences aforesaid at said points where the road of the defendant passes through, along and adjoining the premises of the plaintiff aforesaid, along the sides of its said road, and the failure and the neglect of the defendant

railroad company to construct the sufficient cattle-guards aforesaid, great numbers of animals, to-wit: hogs, entered in and over the right of way, track and grounds of defendant and passing in upon the premises of the plaintiff aforesaid did to him damages to crops of cotton and corn growing, being and standing thereon, and in loss of time in getting and keeping said hogs out of said premises, in the sum of $150.

"Wherefore the plaintiff prays judgment in the sum of $300, being double the amount of his damages, as aforesaid, and for costs."

The answer admitted defendants were corporations· but denied every other allegation in the petition.

Plaintiff's evidence tends to show that he occupied the forty-acre tract of land, described in his petition, adjoining defendants' right of way, as a renter and had six acres of growing corn thereon; that defendants constructed a barbed wire fence on the side of their road, but the fence was insufficient to prevent hogs from going through it; and about a mile north of the field was a railroad crossing, where there were cattle-guards, but they were so defective that cattle and hogs passed over them, and hogs got on the right of way over said defective cattle-guards, came down on the right of way and through the defective fence into plaintiff's field and almost totally destroyed his six acres of corn.

The court gave the following instructions for plaintiff:

"1.   The court instructs the jury that it is the duty of the defendants to erect and maintain lawful fences on the side of their road and to construct sufficient cattle-guards at points of ingress and egress where the road passes through inclosed and cultivated fields and uninclosed lands, and that until said fences are erected and maintained and said cattle-guards constructed the defendants are liable for damages done by reason of hogs having entered by reason thereof in and upon the prem-

ises of plaintiff and destroyed crops belonging to him thereon standing and growing.

"2. And if the jury believe from a fair preponderance of the evidence that the road of defendants run through during the year, or adjoined during the year of 1904 the farm premises of plaintiff, situated in La-Font township in New Madrid county, Missouri; and that by reason of the failure and neglect of defendants to erect lawful fences along the sides of their roads and construct sufficient cattle-guards, hogs entered in upon the premises of Wiley Ayers, plaintiff therein, and destroyed his corn crop thereon; and if the said farm premises were not at a public road crossing, nor within the switch limits of any station, nor within the limits of an incorporated city, town or village, you should find for the plaintiff in such sum as from the evidence you find the value of said crop so destroyed to be reasonable, regard being taken of all the testimony in the case."

The jury found for plaintiff and assessed his damages at $76, which the court doubled and rendered judgment for $152. Defendants appealed in the usual way.

BLAND, P. J. (after stating the facts).—Defendants make two points for a reversal of the case: First, that the instructions for plaintiff are erroneous in that they fail to define what a lawful fence is; and, second, that the petition is insufficient to support the judgment, or any judgment. The statute (section 1105, supra) requires railroad companies to erect and maintain lawful fences on the sides of their roads. A lawful fence, if constructed of posts and wire, as was defendants, must be four and one-half feet high. The posts must not be more than eight feet apart and be set firmly in the ground, and the wires must be securely fastened to the posts at proper distances apart to resist horses, cattle, swine and like stock. [R. S. 1899, sec. 3295.] What constitutes a lawful fence should have been defined in

the instructions, but we cannot see how defendants were prejudiced by the failure of the court to so instruct, for the reason the evidence is all one way that hogs passed through the fence *ad libitum;* and defendants did not attempt to show that the fence was a lawful one, in fact, offered no evidence in regard to the fence. Their defense consisted in an attempt to show defects in fences other than their own, inclosing plaintiff's field, and in showing that a farm crossing gate was frequently left open and the hogs might possibly have gone into the field through the gate.

2. In regard to the petition, the *locus in quo* is sufficiently described to show that defendants were required to erect and maintain fences along the sides of their road, and cattle-guards were needed. It is inferentially stated that the hogs got on the right of way over a defective cattle-guard, and from the right of way into plaintiff's field through a defective railroad fence. The petition substantially follows the language of the statute, and while we think it was probably open to attack by demurrer, it is sufficient after verdict and judgment. No reversible error appearing, the judgment is affirmed. All concur.